Case 6:15-cv-00024 Document 25 Filed in TXSD on 11/17/15 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARY JANE GUTIERREZ, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. V-15-0024 |
| v. | § | |
| | § | |
| ADAM B. IRWINSKY, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This civil rights case is again before the Court on a Motion to Dismiss [Doc. # 19] filed by Defendants Adam B. Irwinsky and Kirby Brumby seeking dismissal of Plaintiff Mary Jane Gutierrez's claims against them in their official capacity. Plaintiff filed a Response [Doc. # 21], Defendants filed a Reply [Doc. # 22], and Plaintiff filed a Sur-Reply [Doc. # 23-2].[1]  Having reviewed the full record and governing legal authorities, the Court **grants** the Motion to Dismiss and **dismisses with prejudice** Plaintiff's claims against Defendants Irwinsky and Brumby in their official capacity.

### I.  BACKGROUND

Plaintiff is a resident of Goliad County, Texas, where Defendant Brumby is the Sheriff and Defendant Irwinsky has been a Deputy Sheriff since October 2011.

---

[1]  By Order [Doc. # 24] entered November 6, 2015, the Court granted Plaintiff's Motion for Leave to File Sur-Reply and directed Plaintiff's counsel to file the Sur-Reply as a separate docket entry.  Plaintiff's counsel failed to do so and, as a result, the only copy of the Sur-Reply is attached to the Motion requesting leave to file it.

Plaintiff alleges that Irwinsky has been employed as a peace officer for many years, including approximately 18 months as a chief of police. Irwinsky was first licensed as a peace officer in 1991. *See* Exhibit 1 to Plaintiff's First Amended Complaint, p. 2.

Plaintiff alleges that on May 3, 2013, she was walking along a public street when, during an "encounter" with Deputy Irwinsky, he tased her. *See* First Amended Complaint [Doc. # 17], ¶ 6. Plaintiff alleges that, although she "cried out in pain and dropped to her knees" after the first tasing, Irwinsky tased her a second time. *See id.* Plaintiff alleges that she was charged with evading arrest, but the charge was dismissed. *See id.*, ¶ 7.

Plaintiff originally filed this lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Irwinsky and Brumby in both their official and individual capacities. Defendants' Motion to Dismiss [Doc. # 5], seeking dismissal of Plaintiff's claims against them in their official capacities and against Brumby in his individual capacity, was granted by Memorandum and Order [Doc. # 13] entered July 20, 2015. Plaintiff was granted leave to file an amended complaint, which she did on September 25, 2015. *See* First Amended Complaint [Doc. # 17]. Plaintiff alleges in the First Amended Complaint that Irwinsky violated her First and Fourteenth Amendment rights when he tased her. Plaintiff alleges that Brumby, in his official capacity, failed

to train the deputies in Goliad County in the constitutional use of tasers. Plaintiff did not assert any claims against Brumby in his individual capacity.

Defendants filed a Motion to Dismiss the official capacity claims against them.[2] The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts in the complaint must be taken as true. *See Harrington*, 563 F.3d at 147. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

A plaintiff in a civil rights case must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as interpreted by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). *See Speck*

---

[2] Irwinsky does not seek dismissal of Plaintiff's claim against him in his individual capacity.

*v. Wiginton*, 606 F. App'x 733, 735-36 (5th Cir. Mar. 17, 2015). The complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679; *Mid-Town Surgical Ctr., LLP v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 773 (S.D. Tex. 2014).

## III.  OFFICIAL CAPACITY CLAIMS

### A.  General Legal Standards for Official Capacity Claims

The parties agree that the official capacity claims are treated as claims against Goliad County. To prove a § 1983 claim against a county, the plaintiff must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *See Jackson v. Ford*, 544 F. App'x 268, 272 (5th Cir. Feb. 27, 2013) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009)). Generally, a plaintiff can properly allege an "official policy" in three ways.

First, a plaintiff adequately alleges an official policy "when the appropriate officer or entity promulgates a generally applicable statement of policy and the

subsequent act complained of is simply an implementation of that policy." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999). In Texas, "[t]he sheriff is without question the county's final policymaker in the area of law enforcement." *Jackson*, 544 F. App'x at 272 (quoting *Colle v. Brazos County, Tex.*, 981 F.2d 237, 244 (5th Cir. 1993), and citing TEX. LOC. GOV'T CODE § 351.041). The "official policy" need not be formally adopted by the policymaking body, but can be established through "a persistent, widespread practice which, although not officially promulgated, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) (internal quotations and citation omitted).

Second, a plaintiff can properly allege "official policy" for purposes of municipal liability under § 1983 "[w]here no 'official policy' was announced or promulgated but the action of the policymaker itself violated a constitutional right." *Burge*, 187 F.3d at 471 (citations omitted).

Third, a plaintiff can establish "official policy" by alleging facts which indicate that "[e]ven when the policymaker fails to act affirmatively at all, if the need to take some action to control the agents of the local governmental entity 'is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of

constitutional rights, that the policymake[r] . . . can reasonably be said to have been deliberately indifferent to the need.'" *Id.*

### B. Failure to Train In Constitutional Use of Tasers

Plaintiff alleges that Goliad County, through Sheriff Brumby, failed to train the deputies, including Irwinsky, in the constitutional use of tasers. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [municipality], for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 390-91. To allege an official capacity claim based on a county's failure to train, a plaintiff must demonstrate (1) that the policies in place were inadequate, (2) that the county was deliberately indifferent in failing to adopt additional policies, and (3) the absence of additional policies directly caused the violation of the plaintiff's constitutional rights. *See Kitchen v. Dallas Cnty.*, 759 F.3d 468, 485 (5th Cir. 2014); *Williams v. City of Cleveland*, 736 F.3d 684, 687 (5th Cir. 2013).[3] Plaintiff fails to provide factual

---

3   In her Response, Plaintiff argues that Brumby's failure to enforce a new taser training policy, effective November 1, 2012, is a basis for imposing § 1983 liability on Goliad County. Plaintiff cites no legal authority for the argument that failing to enforce fully
(continued...)

allegations in the First Amended Complaint to indicate that Goliad County's training policies were inadequate or that the County was deliberately indifferent. Dismissal of Plaintiff's official capacity claims is appropriate based on either deficiency.

***Inadequacy of Training Policies***. With reference to the first requirement, Plaintiff fails to allege factually that Goliad County's training policies and procedures were inadequate. "Complaints typically satisfy the first element [of a failure to adopt adequate training policies and procedures] by alleging facts related to the locality's actual training program." *See Speck*, 606 F. App'x at 736 (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003); *Beard v. Harris Cnty.*, 2005 WL 2647972, *3 (S.D. Tex. Oct.17, 2005)). Plaintiff alleges that the County's training in the use of tasers, as it existed prior to November 1, 2012, was inadequate. Plaintiff provides no factual allegations, however, about the content of that pre-November 2012 training. Nor does Plaintiff allege factually that the training actually

---

3   (...continued)
an adequate training policy creates § 1983 liability. Indeed, the United States Supreme Court has indicated to the contrary. In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court noted that not all unsatisfactory training of a particular officer can form the basis for liability. As an example of a situation where there would be no municipal liability, the Supreme Court stated that "[i]t may be, for example, that an otherwise sound program has occasionally been negligently administered." *Id.* at 391.

provided to Irwinsky, including a 14-hour course in "Use of Force (Intermediate)" on March 20, 2013, was insufficient.[4]

Instead, Plaintiff argues that the adoption of a new policy, effective November 1, 2012, raises an inference that the prior policy was inadequate. This argument fails, both factually and legally. The new policy provides for training in the use of tasers separate from the County's general training in the constitutional use of force. The new policy states specifically that it is intended to assist deputies in "using the minimum amount of force to control or effect the arrest of individuals." *See* Exhibit 3 to First Amended Complaint, ¶ 1.03. The adoption of new training procedures intended to promote *minimal* use of force does not raise an inference that prior training on the *constitutional* use of force was inadequate for purposes of a § 1983 failure to train claim. *See, e.g., Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (stating that where a municipality adopts a new policy, "it does not follow that the prior policies were constitutionally deficient").

Additionally, if the training provided to deputies meets the applicable state standards, there can be no cause of action for failure to train unless the plaintiff shows

---

[4] In 2005, Irwinsky received training and was certified to use the Taser X26 Conducted Energy Weapon, the taser used in this case. *See* Exhibit 2 to Plaintiff's First Amended Complaint. The certification expired after one year. *See id.* On November 26, 2013, Irwinsky received "Taser (Re-certification)" training in accordance with the new taser training policy. *See* Exhibit 6 to Plaintiff's First Amended Complaint.

that this legal minimum of training was insufficient to enable the deputies to handle situations in a constitutional manner. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 382 (5th Cir. 2010) (citing *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992)); *O'Neal v. City of San Antonio*, 344 F. App'x 885, 888 (5th Cir. Aug. 31, 2009). Irwinsky had completed the training required by the Texas Commission on Law Enforcement ("TCOLE"), and he was certified as a Master Peace Officer at the time of his encounter with Plaintiff. *See* Exhibit 1 to Plaintiff's First Amended Complaint. He completed 14 course hours of "Use of Force (Intermediate)" training on March 20, 2013, less than two months before the incident at issue in this case. *See id.* at 4. Plaintiff does not allege, even summarily, how this TCOLE-approved training was inadequate. As a result, Plaintiff has failed to allege factually that the training provided by Goliad County to its deputies, both before and after November 1, 2012, was inadequate for purposes of her failure-to-train claim. On this basis, the official capacity claims against Defendants are dismissed.

***Deliberate Indifference.*** Additionally, Plaintiff fails to allege an adequate factual basis for a finding that Goliad County, acting through Sheriff Brumby, was deliberately indifferent. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1360 (2011).

"Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Id.* "A less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities." *Id.* (internal quotations and citation omitted).

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.*; *see also Sanders-Burns*, 594 F.3d at 382. The plaintiff must allege that the asserted constitutional violation – in this case excessive force through tasing – occurred with such frequency that Goliad County was put on notice that additional training was needed. *See Culbertson v. Lykos*, 790 F.3d 608, 625 (5th Cir. 2015). Plaintiff fails to allege such a pattern in this case, even in a conclusory manner.[5]

Instead, Plaintiff argues that the adoption of a new taser training policy effective November 1, 2012, raises an inference that the prior training was inadequate

---

[5] In her Response [Doc. # 11] to Defendants' Motion to Dismiss [Doc. # 5] the official capacity claims in the original complaint, Plaintiff argued that the "single-incident liability" theory, described in a footnote in *City of Canton v. Harris*, 489 U.S. 378 (1989), applied. In her Response to the pending Motion to Dismiss, Plaintiff states that she does not "rely only, or even chiefly, on the single-incident method . . .." *See* Response, p. 10. To the extent Plaintiff relies on the single-incident theory, the Court adopts its prior ruling rejecting that theory of liability in this case. *See* Memorandum and Order, pp. 7-8.

and that Brumby had notice of its inadequacy. As discussed above, the adoption of the new policy does not raise the inference, reasonable or otherwise, that Plaintiff suggests. On this basis, dismissal of Plaintiff's official capacity claims against Brumby and Irwinsky is appropriate.

## IV. CONCLUSION AND ORDER

Plaintiff has failed in her First Amended Complaint to allege a factual basis for imposing liability on Defendants in their official capacity. As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 24] is **GRANTED** and Plaintiff's official-capacity claims are **DISMISSED WITH PREJUDICE**. Plaintiff's claim against Defendant Irwinsky in his individual capacity remains pending.

SIGNED at Houston, Texas, this 17th day of **November, 2015**.

*[signature]*

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE